```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

**UNITED STATES OF AMERICA** )
                             )
**v.**                       )     NO. 3:07-00034
                             )     JUDGE ECHOLS
**KIMBERLY E. JOHNSON**      )

**O R D E R**

A hearing was held in this action on December 17, 2009, for Defendant Kimberly Johnson to show cause why her probation should not be revoked for her failure to abide by the conditions of her supervision. The violations alleged in the Petition were as follows: (1) committing another federal, state, or local crime (Defendant pled guilty on August 12, 2009, to the offense of Theft Under $500 in Sumner County General Sessions Court); (2) failure to pay restitution; (3) failure to notify the probation office within 72 hours of being arrested or questioned by a law enforcement officer (Defendant was arrested on July 2, 2009, for fraudulent use of a credit card, plead guilty to the offense of Theft Under $500, and was sentenced on August 12, 2009); and (4) leaving the judicial district without the permission of the Court or the probation officer (Defendant left the judicial district without permission while working in Knoxville, Tennessee).

1

At the hearing, Defendant admitted she was guilty of Violation Nos. 1, 3, and 4. The Government withdrew Violation No. 2 stating that Defendant was not financially capable of paying restitution when the alleged violation occurred.

Based upon Defendant's admission of guilt to Violation Nos. 1, 3, and 4, the Court found that Defendant had violated the conditions of her supervision. The Court, however, did not revoke Defendant's probation at that time. In consideration of the recommendations and requests of counsel, the U.S. Probation Office, and Defendant, the Court deferred final disposition of this matter for six months and imposed additional conditions of supervision, which included: (1) allowing Defendant to relocate and transfer her supervision to the vicinity of Chicago, Illinois; (2) extending the term of probation from July 8, 2010 to January 8, 2011; and (3) Defendant was committed to the custody of the Attorney General to be incarcerated for a period of thirty (30) days, as soon as practical following her relocation to Chicago, Illinois.

A final revocation hearing was held on June 14, 2010. At the hearing, the Government informed the Court that Defendant is making progress and has positively adjusted to her relocation to Chicago, Illinois. Counsel for Defendant stated Defendant has obtained employment, made restitution payments, and has complied with all the conditions of probation since the last hearing. The Government and recommended that final disposition of this matter be deferred

again to allow the Court to revisit the violations should facts come before the Court which suggest that further action is appropriate. The Court accepted the Government's recommendation.

Accordingly, the Court hereby continues the final disposition of the admitted violations until January 8, 2011, the date when Defendant's probation is scheduled to expire. If Defendant continues to abide by the conditions of supervision and no further action is required by the Court, the term of probation should expire as scheduled on January 8, 2011. However, if Defendant again violates the terms of supervision, the Court shall be so notified and further action as to the violations will be taken as necessary.

The conditions of supervised release previously imposed shall remain in full force and effect. The Defendant is again warned that any further violations of supervision prior to the expiration of her probation will result in another hearing to consider the revocation of her probation.

It is so ORDERED.

                                         ROBERT L. ECHOLS
                                         UNITED STATES DISTRICT JUDGE

3

Case 3:07-cr-00034   Document 33   Filed 06/29/10   Page 3 of 3 PageID #: 75